■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE WATSON, Appellant. [663 NYS2d 564] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered November 23, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion in restricting defendant's proposed cross-examination of a People's witness (*see, People v Schwartzman*, 24 NY2d 241, 244, *cert denied* 396 US 846; *People v Sorge*, 301 NY 198, 200-202) as an attempt to impeach the witness's assertion on a collateral matter with extrinsic evidence (*People v Pavao*, 59 NY2d 282, 288-289). Additionally, defendant's offer of proof was based on hearsay and speculation and the court properly determined that the probative value of the matters sought to be elicited was outweighed by the danger that the issues before the jury would be obscured (*see, People v Quinones*, 210 AD2d 176, 177).

The existing record, viewed as a whole and in light of the course of conduct of the court and counsel (*see, People v Styles*, 237 AD2d 206, *lv denied* 90 NY2d 864), sufficiently establishes that the challenged portions of the voir dire occurred in the courtroom after the court excused all individuals not concerned, and that defendant was actually present (*see, People v Snow*, 237 AD2d 118, *lv denied* 90 NY2d 864).

The court properly discharged a sworn juror as grossly unqualified to continue service (*People v O'Kane*, 224 AD2d 182,

*lv denied* 88 NY2d 939). The court properly concluded, based on the totality of the juror's responses, the court's observation of the juror's demeanor, and the fact that a friend of defendant had approached the juror, asserting defendant's innocence, that the juror possessed a state of mind that would prevent her from rendering an impartial verdict (*People v Rodriguez*, 71 NY2d 214, 219). There was no prejudice to defendant from the fact that the juror's statements initially were made to the court, on the record and in the absence of defendant and his counsel, since the colloquy was repeated for the benefit of the attorneys and defendant (*see, People v Roman*, 88 NY2d 18, 29).

The court properly denied defendant's alternative applications for an order setting aside the verdict based upon defense counsel's hearsay affirmation alleging unreported juror bias, or for an order directing questioning of a juror who responded to a post-verdict question by counsel regarding the deliberative process (*see, People v Morales*, 121 AD2d 240).

We perceive no abuse of discretion in sentencing.

Defendant's additional claims of error are unpreserved and we decline to review them in the interest of justice. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Colabella, JJ.