■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BROWN, Appellant. [815 NYS2d 84]—

Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered April 2, 2004, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

The court properly declined to submit third-degree assault as a lesser included offense since there was no reasonable view of the evidence that the victim's injury was caused without the use of a dangerous instrument. The People's evidence, including medical records, consistently demonstrated that the victim suffered a puncture wound that went through his lower jaw to the gum line. The victim testified that defendant struck his face with something hard and sharp. Defendant admitted hitting the victim in the face, but claimed that he only used his fist. On this evidence, the causation of the injury did not present a credibility issue for the jury to resolve. Rather, there was no reasonable view of the evidence supporting the conclusion that defendant caused the victim's injury but did so without using a dangerous instrument (see People v Luke, 8 AD3d 203 [2004], lv denied 3 NY3d 740 [2004]; People v Machado, 300 AD2d 16 [2002], lv denied 99 NY2d 630 [2003]).

Defendant was not entitled to a new trial based on a juror's

postverdict admission that defense counsel had represented him many years before. The juror made no misrepresentations during the voir dire, and became fully aware of the prior relationship only after jury selection when his mother told him the name of the attorney who had represented him. The juror stated that the prior representation did not influence him in any manner, and he had not thought to bring the matter to the court's attention. Another juror alerted the prosecutor when the first juror mentioned this circumstance in the jury room after the verdict. Notably, the second juror had voiced a criticism of defense counsel to the first juror, who responded that counsel had done a good job for him. The court properly made inquiry of both jurors, and just as properly concluded there was no basis upon which to set aside the verdict (*see People v Rodriguez*, 100 NY2d 30 [2003]).

Defendant's claim that the court conducted a part of the proceedings in defense counsel's absence is not one that is exempt from preservation requirements (*compare People v Narayan*, 54 NY2d 106, 112-113 [1981], *with People v Samuels*, 49 NY2d 218, 221 [1980]; *see also People v Kinchen*, 60 NY2d 772, 773 [1983]), and we decline to review this unpreserved claim in the interest of justice. Were we to review it, we would find no basis for reversing the conviction (*see People v Watson*, 243 AD2d 426 [1997], *lv denied* 92 NY2d 863 [1998]). That being said, we note our disapproval of the trial judge's commencement of the hearing in defense counsel's absence.

Defendant's pro se claims are without merit. Concur—Friedman, J.P., Sullivan, Williams, Sweeny and McGuire, JJ.