■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO CULBERO, Appellant. [869 NYS2d 78]—

There was no violation of defendant's right to be present during jury selection. The record, viewed as a whole and in light of the course of conduct of the court and counsel, sufficiently establishes that the challenged portions of the voir dire occurred in the courtroom after the court excused all individuals not concerned, and that defendant was actually present (*see People v Watson*, 243 AD2d 426 [1997], *lv denied* 92 NY2d 863 [1998]). The colloquies with prospective jurors were not sidebars, and the record supports the conclusion that defendant had the same opportunity to see and hear the panelists that he would have had at every other stage of jury selection. "Since the [balance of the panel] was not in the courtroom, it would be entirely speculative to conclude that the [voir dire] was conducted in a hushed dialogue out of defendant's hearing" (*People v Gonzalez*, 203 AD2d 192 [1994], *lv denied* 84 NY2d 826 [1994]).

We reject defendant's claim under *Brady v Maryland* (373 US 83 [1963]), based on the People's failure to disclose information regarding a testifying police witness's pursuit of a job in the District Attorney's office. There is no reasonable probability, or even a reasonable possibility, that the nondisclosure affected the verdict, particularly since the jury could be expected to have viewed the witness as being aligned with the prosecution simply

by virtue of his status as the arresting officer, and the additional disclosure would have added little or nothing.

The court properly denied defendant's suppression motion. There was probable cause for defendant's arrest, based on information that an individual with defendant's unusual name had pawned stolen property, and that defendant was under parole supervision due to a prior criminal conviction (*see People v Cameron*, 268 AD2d 307 [2000], *lv denied* 94 NY2d 917 [2000]).

We find the sentence excessive to the extent indicated. Concur—Andrias, J.P., Nardelli, Sweeny, DeGrasse and Freedman, JJ.