People v Sanders (2021 NY Slip Op 03384)





People v Sanders


2021 NY Slip Op 03384


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Ind No. 2762/16 4126/16 Appeal No. 13918-13918A Case No. 2019-3036 

[*1]The People of the State of New York, Respondent,
v
Oscar Sanders, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel) and Davis Polk & Wardwell LLP, New York (Alexander Bystryn of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgments, Supreme Court, New York County (Abraham L. Clott, J.), rendered January 11, 2018, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree and criminal contempt in the first degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.
Defendant's contention that the evidence was legally insufficient to support the conviction for attempted assault in the first degree is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence showed that defendant drew a sharp object down the side of the victim's face, causing a significant laceration. This evidence, viewed in light of the permissible inference of intent to cause the natural and probable consequences of one's acts (see People v Getch, 50 NY2d 456, 465 [1980]), supports the conclusion that defendant intended to disfigure the victim seriously and permanently (see Penal Law § 120.10[2]; People v Walker, 30 AD3d 215 [1st Dept 2006], lv denied 7 NY3d 796 [2006]; Matter of Pilar C., 283 AD2d 210 [1st Dept 2001]).
The court properly declined to submit assault in the third degree (Penal Law § 120.00[1],[3]) as a lesser included offense of assault in the second degree (Penal Law § 120.05[2]). There is no reasonable view of the evidence, viewed most favorably to defendant, that would support a finding that the laceration on the victim's face was caused by anything other than a sharp object constituting a dangerous instrument (People v Brown, 29 AD3d 443 [1st Dept 2006], lv denied 7 NY3d 846 [2006]; People v Machado, 300 AD2d 16 [1st Dept 2002], lv denied 99 NY2d 630 [2003]). The nature of the injury is completely inconsistent with defendant's speculative claim that it was caused by his ring or a protruding fence wire. Similarly, there was also no reasonable view of the evidence that would support a finding that defendant negligently caused the laceration.
The court also properly declined to charge the jury on justified use of ordinary force (Penal Law § 35.15[1]), based on its express finding that there was no reasonable view of the evidence that would support a finding that defendant was using anything other than deadly physical force. As noted, the record is clear that the victim's laceration could only have been inflicted by a sharp object under circumstances constituting deadly physical force (see Penal Law § 10.00[11]; People v Vega, 33 NY3d 1002, 1004 [2019]; People v White, 185 AD3d 417, 417-418 [1st Dept 2020], lv denied 35 NY3d 1116 [2020]). Defendant's arguments about the language of the court's ruling are without merit.
Any error in defendant being handcuffed, without any explanation on the record, during the rendition of the verdict and the polling of the jury [*2]was harmless (see People v Best, 19 NY3d 739, 744 [2012]; People v Clyde, 18 NY3d 145, 152 [2011]). The handcuffing could not have contributed to the verdict, which the jury had already reached. Defendant's suggestion that jurors may have been inclined to repudiate their verdicts during polling, but were influenced to refrain from doing so by the sight of defendant in handcuffs, is highly speculative.
Defendant's challenges to his sentencing as a persistent felony offender are unavailing. That adjudication was a provident exercise of discretion, given defendant's extraordinarily serious criminal history. There was "substantial compliance" with the requirements of CPL 400.20 (People v Banks, 265 AD2d 163, 164 [1999], lv denied 94 NY2d 819 [1999]), whereby defendant received full notice of, and fully litigated, all relevant matters. Defendant has not demonstrated any reason to call into question the well-established constitutionality of the persistent felony offender statute
(see People v Prindle, 29 NY3d 463 [2017], cert denied __ US __, 138 S Ct 514 [2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021