(March 22, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINE M. JONES, Appellant. [833 NYS2d 270]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 10, 2006, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

As a result of her sale of cocaine to an undercover officer in the presence of a confidential informant, a jury convicted defendant of criminal sale of a controlled substance in the third degree. On her appeal, we affirm.

We will not address defendant's arguments that she was denied a fair trial because the prosecutor elicited testimony indicating that defendant was the target of a narcotics investigation or that the undercover officer was shown her picture prior to the sale, as defendant did not preserve these arguments by objecting to this testimony (*see People v Woody*, 9 AD3d 439, 439 [2004], *lv denied* 3 NY3d 713 [2004]; *People v Knox*, 232 AD2d 811, 811 [1996], *lv denied* 89 NY2d 943 [1997]).

During summation, the prosecutor stated that the undercover officer had no motive to lie. Even if that statement was improper, rather than a fair response to the defense's suggestion that the officer needed to make a drug bust to secure a promotion (*see People v Lee*, 16 AD3d 704, 705 [2005], *lv denied* 4 NY3d 887 [2005]; *People v Baker*, 4 AD3d 606, 608-609 [2004], *lv denied* 2 NY3d 795 [2004]; *People v Greene*, 306 AD2d 639, 643 [2003], *lv denied* 100 NY2d 594 [2003]), reversal is unnecessary because the comment was fleeting, County Court sustained defendant's objection and instructed the jury to disregard the comment, and defendant did not request any further curative instructions (*see People v Robinson*, 16 AD3d 768, 770 [2005], *lv denied* 4 NY3d 856 [2005]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.