(March 20, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY RHODES, Appellant. [—— NYS2d ——]—

Carpinello, J.

Defendant stands convicted of attempted assault in the third degree, menacing in the second degree and aggravated harassment in the second degree stemming from a series of events involving his ex-wife on the evening of February 20, 2005. Two of the arguments raised on appeal are not properly before us, namely, the claim that there was legally insufficient evidence to support the attempted assault and aggravating harassment counts (defense counsel made only a general motion to dismiss these counts at the close of the People's proof) (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Kearney*, 39 AD3d 964, 966 [2007], *lv denied* 9 NY3d 846 [2007]) and that the verdict convicting him of menacing was repugnant to his acquittal of other charges (defense counsel failed to challenge the verdict

before the jury was discharged) (*see People v Carter*, 7 NY3d 875, 876 [2006]; *People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Stahl*, 53 NY2d 1048, 1050 [1981]; *People v Perry*, 27 AD3d 952, 953 [2006], *lv denied* 8 NY3d 883 [2007]; *People v Stanton*, 21 AD3d 576, 577 [2005]; *compare People v Wallender*, 27 AD3d 955, 957 [2006]). We decline to exercise our interest of justice jurisdiction with regard to either of these unpreserved issues (*see* CPL 470.15 [3]).

Defendant also claims that he was denied a fair trial by repeated references to his previous imprisonment and his parole status as of February 2005. With respect to defendant's previous imprisonment, while his ex-wife made a spontaneous reference to it during her testimony, an immediate objection by defense counsel was sustained and County Court promptly instructed the jury to disregard it. No further curative instruction was requested (*see e.g. People v Jones*, 38 AD3d 1101, 1102 [2007], *lv denied* 9 NY3d 846 [2007]).

The issue of defendant's parole status came up later, again spontaneously, during the cross-examination of the first defense witness. While no objection was made by defense counsel to the content of this witness's answer, he did object when the People later asked a direct question about defendant's parole officer. This objection was sustained and the witness was directed not to answer.

Notwithstanding, the People thereafter asked the two other defense witnesses direct questions about defendant's parole status and the issue also came up during certain answers. While this was clearly improper, defense counsel failed to object or request a mistrial at any time. However, the jury was instructed during County Court's final charge that it was "not allowed to draw any adverse inference against defendant because he had a parole officer or was on parole." Notably, this instruction was given at the specific request of defense counsel, who acknowledged, following the close of all proof, that references to defendant's parole status crept in during the trial and obviously believed that any resulting prejudice would be alleviated by this instruction (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Williams*, 46 NY2d 1070, 1071 [1979]). Thus, since the issue was only marginally preserved for review, no witness detailed the nature of the crime underlying defendant's parole status and County Court gave an instruction ameliorating any prejudice to the satisfaction of defense counsel, we are unable to conclude that any error regarding defendant's parole status warrants a new trial (*see id.*; *People v Brooks*, 213 AD2d 999, 1000 [1995], *lv denied* 85 NY2d 970 [1995]).

Finally, we are unpersuaded that County Court failed to provide a meaningful response to an inquiry from the jury during deliberations.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.