■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD PITTS, Appellant. [982 NYS2d 420]—Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered September 20, 2012. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 25, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant contends in both appeals that the People failed to disclose *Brady* material in a timely manner. We agree. We conclude, however, that the *Brady* violation does not require reversal because the information was turned over as *Rosario* material prior to jury selection, thus affording defendant a "meaningful opportunity" to use the information during cross-examination (*People v Middlebrooks*, 300 AD2d 1142, 1143 [2002], *lv denied* 99 NY2d 630 [2003]; *see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Abuhamra*, 107 AD3d 1630, 1631 [2013], *lv denied* 22 NY3d 1038 [2013]). Contrary to defendant's contention, there is no "reasonable probability that, had the evidence been disclosed to [him]" prior to the *Wade* hearing, " 'the result of the [hear]ing would have been different' " (*People v Chin*, 67 NY2d 22, 33 [1986]). Defendant failed to preserve for our review his alternative contention that County Court erred in failing to reopen the *Wade* hearing based upon the delayed disclosure (*see People v Clark*, 28 AD3d 1231, 1232 [2006]; *People v Highsmith*, 259 AD2d 1006, 1007 [1999], *lv denied* 93 NY2d 925 [1999]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that he was denied effective assistance of counsel by his attorney's failure to request a limiting instruction with respect to certain *Molineux* evidence. Indeed, defense counsel "declined such an instruction on the record after a colloquy with County Court in which it was clear that doing so was part of a legitimate trial strategy" (*People v Smith*, 41 AD3d 964, 965 [2007], *lv denied* 9 NY3d 881 [2007]), and we will not "second-guess" that strategic decision on appeal (*People v Cherry*, 46 AD3d 1234, 1238 [2007], *lv denied* 10 NY3d 839 [2008]; *see People v Williams*, 107 AD3d 1516, 1516-1517 [2013], *lv denied* 21 NY3d 1047 [2013]; *People v Copeland*, 43 AD3d 1436, 1436-1437 [2007], *lv denied* 9 NY3d 1032 [2008]). Moreover, our review of the record as a whole establishes that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Peradotto, Lindley and Whalen, JJ.