Lahtinen, J.P.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered September 16, 2011, upon a verdict convicting defendant of the crime of rape in the first degree.
Defendant and the victim lived in the same apartment complex, and defendant had occasionally assisted in chores or errands for the victim, who suffered from a variety of maladies. According to the victim, defendant had previously propositioned her for sex, but she had flatly refused. In late March 2011, she fell ill and defendant allegedly discovered her in an unconscious state in her apartment. He then engaged in sexual intercourse with her and, subsequently, acknowledged such conduct in two statements to police. Defendant was indicted for — and eventually found guilty by a jury of — rape in the first degree based upon sexual intercourse while the victim was physically helpless. County Court sentenced him to 18 years in prison with 10 years of postrelease supervision. Defendant now appeals.
We consider first defendant’s arguments that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. The charged crime required the People to prove that defendant engaged in sexual intercourse with the victim when she was “incapable of consent by reason of being *1243 physically helpless” (Penal Law § 130.35 [2]), and “ ‘[physically helpless’ means that a person is unconscious or for any reason is physically unable to communicate unwillingness to an act” (Penal Law § 130.00 [7]; see People v Cecunjanin, 16 NY3d 488, 491 [2011]; People v Shepherd, 83 AD3d 1298, 1298 [2011], lv denied 17 NY3d 809 [2011]). Defendant’s second statement to police acknowledged that, after picking up prescriptions for the victim, he returned to her apartment finding her in bed in a condition characterized as “very sick,” “going in and out of sleep” and “very out of it.” Deciding that he wanted sex, he disrobed her and commenced intercourse while she was, according to his statement, “still in and out of sleep.” After finishing, he recalled that he cleaned up and dressed in her bathroom. There was also proof at trial that, when the victim was discovered later that day by family members, she was in bed naked, unconscious and had bruises on her leg. Defendant’s wallet was found on the bathroom floor in her apartment. She was taken to a hospital where she remained for nearly two weeks, she did not recover consciousness for five days, and DNA testing confirmed that defendant had sexual intercourse with her. Contrary to defendant’s assertion, defendant’s confession was adequately corroborated (see CPL 60.50; People v Lapi, 105 AD3d 1084, 1086 [2013], lv denied 21 NY3d 1043 [2013]; People v Button, 56 AD3d 1043, 1045 [2008], lv dismissed 12 NY3d 781 [2009]; People v Cole, 24 AD3d 1021, 1024-1025 [2005], lv denied 6 NY3d 832 [2006]).
Addressing defendant’s contention that the sex occurred a day earlier than charged in the indictment and before the victim was so sick as to not be able to consent, the People presented proof that a family member had diligently searched the victim’s apartment on the evening before the crime suspecting that the victim was hiding alcoholic beverages and did not see defendant’s wallet, which was found the following day, after the alleged crime, in plain view on the bathroom floor. His statement acknowledged that he dressed in the bathroom after the sexual encounter. The victim denied consenting to sex with defendant at any time when she was conscious. Defendant’s second statement to police — while recalling that the conduct occurred a day earlier — nevertheless admitted that the victim was in a state that would constitute being physically helpless. The proof, viewed in the light most favorable to the People, was legally sufficient (see People v Thomas, 21 AD3d 643, 645 [2005], lv denied 6 NY3d 759 [2005]). Moreover, upon reviewing and weighing the proof in the record, while giving deference to the jury’s credibility determinations, we find that the verdict was not against the weight of the evidence (see People v Hawkins, 110 AD3d 1242, 1243 [2013], lv denied 22 NY3d 1041 [2013]).
*1244 Defendant waived his right to challenge the alleged failure to inform him of his statutory right to testify before the grand jury {see CPL 190.50 [5] [a]), since he did not move to dismiss the indictment upon such ground within five days of arraignment as required by the statute (see CPL 190.50 [5] [c]; People v Sutherland, 104 AD3d 1064, 1065 [2013]; People v Caban, 89 AD3d 1321, 1322 [2011]). Although a police officer improperly interjected a reference to defendant’s prior incarceration during direct examination by the People, County Court sustained the objection, cut the officer off when he attempted to continue, immediately directed the jury to disregard the answer and later gave a detailed curative instruction during its charge. Under such circumstances, and also noting the overwhelming evidence of guilt as well as the fact that defendant did not move for a mistrial at such time, we are unpersuaded that reversal is required (see People v Rhodes, 49 AD3d 1022, 1023 [2008], lv denied 10 NY3d 963 [2008]; People v Reyes-Paredes, 13 AD3d 1094, 1095 [2004], lv denied 4 NY3d 802 [2005]). The remaining arguments have been considered and are without merit.
Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.