# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1185**

**KA 13-00948**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALEXANDER J. KESSLER, ALSO KNOWN AS ALEXANDER
JACOB KESSLER, DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOSEPH D. WALDORF, P.C., ROCHESTER (JOSEPH D. WALDORF
OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 5, 2013. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, criminal sexual act in the third degree, sexual abuse in the first degree, endangering the welfare of a child and unlawfully dealing with a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal sexual act in the first degree (Penal Law § 130.50 [2]), criminal sexual act in the third degree (§ 130.40 [2]), and sexual abuse in the first degree (§ 130.65 [2]). Defendant is convicted of engaging in oral and manual contact with the vaginal area of his 16-year-old victim, who was in a physically helpless condition after drinking alcohol and smoking marijuana with defendant at a party hosted by defendant and his wife, the victim's sister. Defendant failed to preserve for our review his contention that the People failed to present legally sufficient evidence with respect to the victim's age (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit inasmuch as the victim stated her date of birth during her testimony and explained that she was testifying on her 17th birthday (*see People v Chaffee*, 30 AD3d 763, 764, *lv denied* 7 NY3d 846).

We reject defendant's further contention that the evidence was legally insufficient to establish that he was over the age of 21. The victim testified that defendant was 26 years old, and a police witness testified that defendant was not less than 25 years old. In addition, defendant's friend testified that he and defendant had been friends

since they started high school 14 years before and that everyone at the party, with the exception of the victim, was over the age of 21. We reject defendant's further contention that the evidence was legally insufficient to establish that the victim was physically helpless and thus incapable of consenting to the sexual acts. The victim testified that she was very intoxicated and that she "passed out" and awoke to feeling defendant's finger in her vagina, that she passed out again and awoke during the time that defendant's mouth was on her vagina, and that she awoke in the morning to find her pants and underwear on the floor. That evidence is legally sufficient to support the jury's finding that the victim was physically helpless at the time the offenses occurred (*see People v Fuller*, 50 AD3d 1171, 1174, *lv denied* 11 NY3d 788). Indeed, "a person who is sleeping is physically helpless for the purposes of consenting to [sexual contact and oral sexual conduct], particularly where the sleep was drug and alcohol induced" (*id.* [internal quotation marks omitted]; *see People v Smith*, 16 AD3d 1033, 1034, *affd* 6 NY3d 827, *cert denied* 548 US 905). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that County Court abused its discretion in denying his motion for a mistrial based upon the People's failure, prior to the beginning of the trial, to provide him with a medical report reflecting that the victim was prescribed a certain medication used to treat depression as required by their continuing *Brady* obligation and CPL 240.20 (c). Defendant argued that a potential side effect of the medication was "lucid dreams" and that, if he had been provided with the report sooner, he would have consulted with an expert. The prosecutor explained that he had just learned of the existence of the report a couple of days before trial and promptly turned it over to defense counsel. The court determined that the People should have turned over the report sooner, but denied the mistrial motion based upon the wide use of the medication and the speculative connection of a potential side effect to this case, noting that it had reviewed in camera the grand jury minutes and the victim's counseling records.

As an initial matter, we note that defendant failed to preserve for our review his contention that the failure to provide the report sooner constituted a *Brady* violation (*see People v Abuhamra*, 107 AD3d 1630, 1631, *lv denied* 22 NY3d 1038; *People v Benton*, 87 AD3d 1304, 1305, *lv denied* 19 NY3d 862). In any event, defendant received the report and used it to cross-examine the victim and her counselor (*see People v Bernard*, 115 AD3d 1214, 1215, *lv denied* 23 NY3d 1018), and we conclude that earlier disclosure of the report would not have changed the outcome of the trial (*see People v Fuentes*, 12 NY3d 259, 265, *rearg denied* 13 NY3d 766; *cf. People v Carver*, 114 AD3d 1199, 1199).

With respect to the People's violation of their duty pursuant to CPL 240.20 (c) to provide the medical report, the " 'overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society. . . ' Defendant is entitled to a

new trial only when the conduct has caused such substantial prejudice to defendant such that he or she has been denied due process of law" (*People v Davis*, 52 AD3d 1205, 1206, quoting *People v Kelly*, 62 NY2d 516, 520), and that is not the case here. Defense counsel cross-examined the victim's counselor with respect to the medication's potential side effect of lucid dreams, which the counselor described as "having a dream when you are not sure whether it's real or not," and she testified that she was unaware of any person who had experienced that potential side effect. Furthermore, the victim testified that she had found some of her clothing on the floor the morning after the party and that she had physical discomfort for three days, neither of which is consistent with a dream.

Defendant contends that the court impermissibly delegated its duty pursuant to CPL 270.35 (2) (a) "to make a reasonably thorough inquiry" with respect to whether a juror was unable to continue serving by reason of illness (*see People v Smith*, 304 AD2d 364, 365, *lv denied* 100 NY2d 566). Prior to opening statements, the court replaced a juror with an alternate, with the consent of both counsel, based upon information it had received from the Commissioner of Jurors that the absent juror was being treated at the emergency room for chest pains (*see id.*). Inasmuch as defense counsel consented to the replacement of the juror, we conclude that defendant waived his present contention. We reject defendant's further contention that the court abused its discretion in permitting the prosecutor to recall the victim to testify after a short recess following her direct testimony and before cross-examination, to ask one further question, i.e., whether she could identify the person who had committed the acts that she described in her testimony (*see People v Olsen*, 34 NY2d 349, 354; *People v Lewis*, 222 AD2d 1058, 1059, *lv denied* 87 NY2d 1021).

Contrary to defendant's contention, the court did not abuse its discretion in denying his motion to compel the People to comply with his request for a bill of particulars inasmuch as defendant failed to request a bill of particulars within 30 days of arraignment, and failed to establish good cause for the delay (*see* CPL 200.95 [3], [5]). We reject defendant's further contention that the lack of a bill of particulars coupled with the victim's testimony rendered the indictment duplicitous. The victim testified with respect to two acts committed by defendant; i.e., touching her vagina with his finger and with his mouth. To the extent that the victim's testimony that defendant touched her thigh may be construed to constitute evidence of sexual contact (*see People v Manning*, 81 AD3d 1181, 1182, *lv denied* 18 NY3d 959), we conclude that the prosecutor's summation made it clear that defendant was charged with touching only the victim's vagina and, thus, there is no reasonable possibility that the jury may have convicted defendant of different acts (*see People v Spencer*, 119 AD3d 1411, 1412-1413, *lv denied* 24 NY3d 965; *cf. People v Filer*, 97 AD3d 1095, 1096, *lv denied* 19 NY3d 1025).

We reject defendant's contention that he was deprived a fair trial by prosecutorial misconduct on summation. The prosecutor's reference to defendant as a "vicious dog" was a fair response to defense counsel's statements, made during jury selection and

summation, implying that the victim was not credible.  Those statements were to the effect that, a person who had been bitten by a vicious dog would not return to the home of that dog and would defend himself or herself when attacked by the dog.  We conclude that the prosecutor's remark " 'did not exceed the bounds of legitimate advocacy' " (*People v Miller*, 104 AD3d 1223, 1224, *lv denied* 21 NY3d 1017).  We further conclude that the failure of defense counsel to object to the comment did not constitute ineffective assistance of counsel (*cf. People v Fisher*, 18 NY3d 964, 967).  We also conclude that the failure of defense counsel to demand a bill of particulars did not deprive defendant of effective assistance of counsel (*see People v Buntley*, 286 AD2d 909, 910, *lv denied* 97 NY2d 751) and, inasmuch as a contention that testimony rendered an indictment duplicitous need not be preserved for appellate review (*see Filer*, 97 AD3d at 1096), defense counsel's failure to object to testimony of the victim on that ground does not constitute ineffective assistance of counsel.  Finally, we have reviewed defendant's remaining contention and conclude that it is without merit.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court