*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 21, 2016                107292
                                                    107363
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                  MEMORANDUM AND ORDER

DANIEL D. STAHL,
                        Appellant.
_____

Calendar Date:   June 2, 2016

Before:   McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

                        _____

        D.J. & J.A. Cirando, Syracuse (John A. Cirando of counsel),
for appellant.

        G. Scott Walling, Special Prosecutor, Schenectady, for
respondent.

                        _____

McCarthy, J.P.

        Appeals (1) from a judgment of the County Court of Essex
County (Meyer, J.), rendered May 17, 2012, convicting defendant
following a nonjury trial of the crimes of rape in the first
degree and sexual abuse in the first degree, and (2) by
permission, from an order of said court, entered December 8,
2014, which denied defendant's motion pursuant to CPL 440.10 to
vacate the judgment of conviction, without a hearing.

        In June 2011, defendant was charged in a seven-count
indictment with, among other things, rape in the first degree and
sexual abuse in the first degree.  The charges stem from the
allegation that, among other things, defendant drugged the victim

with Xanax, without her knowledge, before proceeding to engage in sexual acts with her while she was physically helpless. After a nonjury trial, County Court found defendant guilty of rape in the first degree and sexual abuse in the first degree, acquitted him of the remaining charges and thereafter sentenced him to an aggregate prison term of 12 years to be followed by 10 years of postrelease supervision and ordered him to pay restitution and a fine. Defendant subsequently moved pursuant to CPLR article 440 to vacate the judgment of conviction, claiming, among other things, that he was denied the effective assistance of counsel due to a failure to seek the Trial Judge's recusal and a failure to explain to defendant the details of a personal relationship that one of defendant's counsel had with that Judge. County Court denied the motion without a hearing. Defendant appeals from the judgment and, by permission, from the subsequent order.

County Court properly denied defendant's motion to dismiss the indictment. On June 20, 2011, the People served defendant with notice that they were presenting their case to the grand jury on June 29, 2011 and specifically advised defendant to notify them in writing if he intended to testify before the grand jury. Defendant did not notify the People in writing of his intention to testify at the June 2011 presentment and, therefore, defendant's rights were not violated when the indictment was obtained without his testimony (see People v Medeiros, 116 AD3d 1096, 1097 [2014], lv denied 24 NY3d 1045 [2014]; People v Tole, 94 AD3d 1334, 1334-1335 [2012], lv denied 19 NY3d 968 [2012]; People v Caban, 89 AD3d 1321, 1322 [2011]).

Defendant's arguments that the verdict was based on legally insufficient evidence and that it was against the weight of the evidence because the victim was not physically helpless and defendant did not have sexual intercourse with her are both without merit. Considering the evidence, including the victim's testimony regarding her alcohol consumption and limited ability to remember the night in question, the expert testimony regarding

Benzodiazepine[1] found in the victim's urine and the expert
testimony linking defendant through DNA analysis to sperm found
on the tampon that the victim was wearing and to sperm found on
an anal swab from the victim, we conclude that the evidence was
legally sufficient (see People v Kessler, 122 AD3d 1402, 1403
[2014], lv denied 25 NY3d 990 [2015]) and supported by the weight
of the credible evidence (see People v Yontz, 116 AD3d 1242, 1243
[2014], lv denied, 23 NY3d 1026 [2014]; People v Bjork, 105 AD3d
1258, 1260-1261 [2013], lv denied 21 NY3d 1040[2013], cert denied
134 S Ct 1306 [2014]).

Next, as the People concede, law enforcement lacked the
necessary grounds to seize defendant when an officer stopped him
while he was driving in order to inform him that law enforcement
wished to speak to him.  Nonetheless, that violation did not
require the suppression of a subsequent statement that defendant
made to law enforcement.  The attenuation doctrine, which
addresses whether evidence obtained subsequent to such an illegal
seizure must be suppressed, "requires a court to consider the
temporal proximity of the [seizure] and the confession, the
presence of intervening circumstances and, particularly, the
purpose and flagrancy of the official misconduct" (People v
Bradford, 15 NY3d 329, 333 [2010] [internal quotation marks and
citation omitted).  Here, after the brief roadside seizure ended,
defendant voluntarily drove himself to a police station and
agreed to speak to a law enforcement officer there.  Before
defendant gave a statement, he received Miranda warnings.  In
light of these facts, defendant's statement was attenuated from
the illegal police conduct and, thus, was not subject to
suppression (see People v Bradford, 15 NY3d at 333-335; People v
Buchanan, 136 AD3d 1293, 1294 [2016]).

In addition, County Court did not err in allowing the
People to elicit bad act evidence in the form of testimony from
other people regarding defendant's offer of Xanax to them.  The
testimony was directly relevant to the issue of whether defendant

---

[1]  The proof further established that Xanax is a
Benzodiazepine.

possessed a controlled substance, which was an element of each of the charges against defendant of facilitating a sex offense with a controlled substance (see Penal Law § 130.90; see generally People v Fuller, 50 AD3d 1171, 1176 [2008], lv denied 11 NY3d 788 [2008]). Further, we find no abuse of discretion in County Court's determination that the probative value of the aforementioned evidence outweighed any improper prejudicial effect (see People v Dorm, 12 NY3d 16, 19 [2009]).

Next, defendant's constitutional right to confront witnesses was not violated (see US Const 6th Amend). Defendant contends that County Court erred in admitting into evidence the reports prepared by Laurie Pasqualino, the forensic scientist who analyzed the DNA data and linked defendant's DNA to the samples from the rape kit, over defendant's objection that she relied upon data compiled by lab technicians in the same lab who did not testify at trial. We disagree. Pasqualino testified that she analyzed raw data compiled by the nontestifying lab technicians and that she did not rely on the opinions or interpretation of anyone else in forming her scientific conclusions linking defendant's DNA profile to the victim's rape kit, which conclusions were contained in the reports that she authored (see People v Brown, 13 NY3d 332, 336-337, 339-340 [2009]; see also People v John, 27 NY3d 294, 301-302 [2016]). Pasqualino testified and was subject to cross-examination, satisfying the requirement that "analysts who write reports that the prosecution introduces [into evidence at trial] must be made available for confrontation" (Bullcoming v New Mexico, 564 US 647, 661 [2011]; accord People v Raucci, 109 AD3d 109, 121-122 [2013], lv denied 22 NY3d 1158 [2014]; compare People v John, 27 NY3d at 301).

While the right of the accused to confront witnesses precludes "surrogate testimony," i.e., the admission of one person's testimonial statements through the in-court testimony of a second person, no such surrogate testimony was introduced at this trial and no Crawford violation occurred (see Bullcoming v New Mexico, 564 US at 651-652, 657-658; Crawford v Washington, 541 US 36, 42, 68-69 [2004]; People v Raucci, 109 AD3d at 121-122; compare People v John, 27 NY3d at 297 [the "defendant's Sixth Amendment right to confront the witnesses against him was

violated when the People introduced DNA reports into evidence, asserting that [the] defendant's DNA profile was found on the gun that was the subject of the charged possessory weapon offense, without producing a single witness who conducted, witnessed or supervised the laboratory's generation of the DNA profile from the gun or [the] defendant's exemplar"]). Pasqualino testified that the lab technicians, who are under her supervision in the lab, extract, quantify and amplify the DNA in the lab, and another analyst then runs the genetic analyzer that creates the raw data upon which she relies. She further explained that, in this case, she then analyzed and interpreted that raw data and rendered her scientific opinions and conclusions linking the DNA evidence to defendant (compare People v John, 27 NY3d at 313 ["nothing in this record supports the conclusion that the analysts involved in the preliminary testing stages, specifically, the extraction, quanti[fic]ation or amplification stages, are necessary witnesses"]).

There is no evidence in the record that any lab technician or analyst who participated in the preliminary processing and testing of this DNA evidence engaged in any data editing, analysis, comparisons or interpretations of the evidence or rendered any opinions regarding whether the data collected from the rape kit matched defendant's DNA profile; likewise, there is no proof that Pasqualino relied upon any such opinions or conclusions drawn by others (see People v Rawlins, 10 NY3d 136, 144-146, 158-160 [2008]). Further, the technicians' compilation of objective data was not accusatory and did not, without Pasqualino's expert analysis and testimony, link defendant to these crimes (see id. at 156, 159). Under these circumstances, defendant's right of confrontation was not violated when Pasqualino relied upon and made reference to data collected by nontestifying lab technicians (see People v Raucci, 109 AD3d at 121-122).

Defendant's ineffective assistance of counsel claim made on his direct appeal is also without merit. Defense counsel's decision not to object, during a bench trial, to various characterizations of the evidence by the People during summation did not deprive defendant of meaningful representation (see

People v Tonge, 93 NY2d 838, 840 [1999]).  Further, County Court did not err in denying without a hearing defendant's CPL 440.10 motion, which alleged, among other things, ineffective assistance of counsel based on non-record facts.  To establish entitlement to a hearing, a defendant must demonstrate that "non-record facts set forth in [a] CPL article 440 motion . . . are material and [that], if established, they would entitle him [or her] to relief" (People v Mosley, 121 AD3d 1169, 1174 [2014], lv denied 24 NY3d 1086 [2014]; see People v Satterfield, 66 NY2d 796, 799 [1985]; CPL 440.30 [5]).  "[I]t is incumbent on [a] defendant [seeking to establish that he or she received ineffective assistance of counsel] to demonstrate the absence of strategic or other legitimate explanations for counsel's" alleged shortcomings (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Thiel, 134 AD3d 1237, 1240 [2015]).

Defendant contends that, based on his perception that the Trial Judge came to dislike one of his counsel (hereinafter local counsel), counsel was ineffective for failing to move for the recusal of the Judge or to move to withdraw his waiver of a jury trial.  Even if we were to conclude that defendant's proof in support of the motion as to the Judge's opinion rose above mere speculation and gave rise to plausible grounds upon which to make a motion for recusal or a motion to withdraw defendant's waiver of his right to a jury trial, the proof does not establish that it was an objectively unreasonable strategy to proceed with the bench trial.  Defendant submitted no proof tending to suggest that defendant would have fared better by proceeding either with a bench trial before a different judge or with a jury trial presided over by this Judge.[2]  Accordingly, defendant's proof failed to establish that it was an objectively unreasonable strategy to proceed with the bench trial and, thus, County Court properly denied the motion without a hearing (see People v Demetsenare, 14 AD3d 792, 793-795 [2005]; People v Shamblee, 222 AD2d 834, 835 [1995], lv denied 88 NY2d 994 [1996]).

_____

[2]  Notably, the record establishes that local counsel believed, at the time that defendant waived a jury trial, that a jury would be particularly hostile to defendant.

We reach a similar conclusion with regard to defendant's contention that counsel ought to have presented the testimony of an expert witness on toxicology.  Although this expert would have testified to certain potentially exculpatory conclusions, defense counsel's assessment that such testimony would "backfire[]" was not objectively unreasonable.  According to the expert, he concluded that, at the relevant time, the victim had a "diminished . . . ability to appreciate what interactions she was involved in."  Given that potentially inculpatory conclusion, defendant failed to establish that it was not a legitimate strategy for defense counsel to forgo calling that expert witness to testify (see generally People v Venkatesan, 295 AD2d 635, 637-638 [2002], lv denied 99 NY2d 565 [2002], cert denied 549 US 854 [2006]).  Finally, defendant's waiver of his right to a jury trial is no less knowing, voluntary or intelligent even if counsel failed to disclose the particularities of the Judge's alleged preference for local counsel prior to the waiver's execution.  Likewise, the waiver is not invalid based on the fact that defendant was unable to predict that, after he waived his right to a jury trial, the Judge would, in defendant's opinion, eventually develop a less favorable view of local counsel.  We have considered defendant's remaining contentions and have concluded that they are also without merit.

Garry, Lynch, Devine and Aarons, JJ., concur.

ORDERED that the judgment and order are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court