# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**275**

**KA 13-01770**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DALVAN ROBINSON, DEFENDANT-APPELLANT.

---

ANTHONY J. LANA, BUFFALO, FOR DEFENDANT-APPELLANT.

THEODORE A. BRENNER, DEPUTY DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered August 19, 2013. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, sexual abuse in the first degree and rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Niagara County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [2]), sexual abuse in the first degree (§ 130.65 [2]), and rape in the third degree (§ 130.25 [3]). We reject defendant's contention that the evidence is legally insufficient to establish that the victim was "incapable of consent[ing]" to the intercourse or the sexual contact by reason of being "physically helpless," as required to convict defendant under sections 130.35 (2) and 130.65 (2). Penal Law § 130.00 (7) states that a person is "physically helpless" when that "person is unconscious or for any other reason is physically unable to communicate unwillingness to an act." The "definition of physically helpless is broad enough to cover a sleeping victim" (*People v Smith*, 16 AD3d 1033, 1034, *affd* 6 NY3d 827, *cert denied* 548 US 905), "particularly where the sleep was drug and alcohol induced" (*People v Fuller*, 50 AD3d 1171, 1174, *lv denied* 11 NY3d 788 [internal quotation marks omitted]; *see People v Kessler*, 122 AD3d 1402, 1403, *lv denied* 25 NY3d 990). Here, the victim testified that she woke up after a night of drinking and being sick to her stomach to find that all of her clothing was off and that defendant was penetrating her vaginally. That evidence is legally sufficient to demonstrate that the victim was physically helpless at the time of the offenses and thus is legally sufficient to support the jury's verdict of guilty on the first two counts (*see Kessler*, 122 AD3d at 1403; *People v Yontz*, 116 AD3d 1242, 1242-1243, *lv denied* 23 NY3d 1026; *Fuller*, 50 AD3d at 1174). Further,

viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to all three counts (*see Kessler*, 122 AD3d at 1403; *Yontz*, 116 AD3d at 1243; *see generally People v Bleakley*, 49 NY2d 490, 495).

We agree with defendant that he was improperly sentenced as a second felony offender on the basis of his 2005 federal conviction of conspiracy to possess with intent to distribute 50 kilograms or more of marihuana (21 USC § 846; *see* § 841 [a] [1]; [b]).  In order to be subject to sentencing as a second felony offender, defendant's prior out-of-state conviction must have been "of an offense for which a sentence of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed" (Penal Law § 70.06 [1] [b] [i]).  Thus, the predicate conviction, if rendered by another jurisdiction, must be equivalent to a New York felony (*see People v Jurgins*, 26 NY3d 607, 613; *People v Muniz*, 74 NY2d 464, 467).  The "general rule limits th[e] inquiry 'to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes' " (*Jurgins*, 26 NY3d at 613, quoting *Muniz*, 74 NY2d at 467-468).

Here, as the People concede, defendant's 2005 federal conviction is not equivalent to a New York felony because there is a "conspicuous difference" between the pertinent federal statute and its New York counterpart (*People v Ramos*, 19 NY3d 417, 419).  The New York crime of conspiracy requires proof of an overt act by one of the conspirators in furtherance of the conspiracy (*see* Penal Law § 105.20), but the federal drug conspiracy statute has no such element or requirement (*see Ramos*, 19 NY3d at 419-420).  "Because New York law requires proof of an element that federal law does not," the federal conviction cannot serve as a predicate felony conviction (*id.* at 420).  We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing as a nonpredicate felon (*see id.* at 421).

Entered:  March 24, 2017                        Frances E. Cafarell
                                                Clerk of the Court