People v Hamn (2018 NY Slip Op 00961)





People v Hamn


2018 NY Slip Op 00961


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


27 KA 14-01699

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS HAMN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), entered June 16, 2014. The order denied the pro se motion of defendant pursuant to CPL 440.10 seeking, inter alia, to set aside his sentence. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and vacating the sentence and as modified the order is affirmed, and the matter is remitted to Supreme Court, Monroe County, for resentencing in accordance with the following memorandum: Defendant appeals by permission of this Court pursuant to CPL 460.15 from an order denying his pro se motion pursuant to CPL 440.10 seeking, inter alia, to set aside his sentence on the ground that he was improperly sentenced as a second felony offender. To the extent that defendant challenged his sentence, in the interest of justice we convert that part of defendant's pro se motion to one pursuant to CPL 440.20.
As the People correctly concede, defendant's contention has merit. "It is well settled that, under New York's strict equivalency standard for convictions rendered in other jurisdictions, a federal conviction for conspiracy to commit a drug crime may not serve as a predicate felony for sentencing purposes" (People v Hall, 149 AD3d 1610, 1610 [4th Dept 2017] [internal quotation marks omitted]; see People v Robinson, 148 AD3d 1639, 1640-1641 [4th Dept 2017]; see generally People v Jurgins, 26 NY3d 607, 613-615 [2015]). We therefore modify the order by granting that part of defendant's motion pursuant to CPL 440.20 seeking to vacate the sentence, and we remit the matter to Supreme Court to resentence defendant as a nonpredicate felon (see Robinson, 148 AD3d at 1641).
We have reviewed defendant's remaining contentions and conclude that none warrants further modification or reversal of the order.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court