People v Shevchenko (2019 NY Slip Op 06261)





People v Shevchenko


2019 NY Slip Op 06261


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


479 KA 18-02304

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT
v
ALEKSEY SHEVCHENKO, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered December 5, 2016. The judgment convicted defendant, upon a nonjury verdict, of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of rape in the first degree (Penal Law § 130.35 [2]). Defendant met the victim outside a bar, they drank together, and they then went together to defendant's apartment where, defendant contends, they engaged in consensual sex. The victim testified at trial that she had consumed a significant amount of alcohol and that her memory of the evening contained a gap from a point before she met defendant until she awoke to find defendant on top of her with his penis in her vagina. She was confused and upset when she woke, did not know where she was or who defendant was, and felt like she was not in command of her body. She repeatedly asked defendant what was going on, but defendant did not respond. Instead, he flipped her over, put her face in a pillow, and continued to engage in sex. The victim eventually took a cab home and reported to her roommate that she had been raped, and then she went to the hospital. A test from blood drawn several hours later revealed a concentration of alcohol and a small amount of the disassociative anesthetic drug ketamine, which the victim testified she had not knowingly taken. An inmate who had been incarcerated with defendant testified that defendant told him in detail about the night in question, including that defendant "took half of an E pill" when he and the victim were at his apartment and that he gave the victim "a Special K"—a street term for the drug ketamine—by mixing it into her drink.
Defendant contends that the conviction is not supported by legally sufficient evidence because the evidence did not establish the element of physical helplessness inasmuch as the victim's testimony indicated that she could not remember whether she had consented and that she woke up and struggled with defendant during the attack. We reject that contention. As relevant here, a person is physically helpless when he or she "is unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law
§ 130.00 [7]; see § 130.35 [2]). "A person who is asleep or unable to communicate as a result of voluntary intoxication is considered to be physically helpless" (People v Bjork, 105 AD3d 1258, 1260 [3d Dept 2013], lv denied 21 NY3d 1040 [2013], cert denied 571 US 1213 [2014]). We conclude that the evidence, including the victim's testimony regarding her alcohol consumption and limited ability to remember the night in question, as well as the expert testimony establishing that the ketamine found in the victim's blood could have caused unconsciousness or sedation, provides a " valid line of reasoning and permissible inferences' " to permit a rational factfinder to conclude beyond a reasonable doubt that the victim was physically helpless while defendant engaged in sexual intercourse with her (People v Danielson, 9 NY3d 342, 349 [2007]; see People [*2]v Stahl, 141 AD3d 962, 963-964 [3d Dept 2016], lv denied 28 NY3d 1127 [2016], reconsideration denied 29 NY3d 1001 [2017], cert denied — US &mdash, 138 S Ct 222 [2017]; People v Lewis, 140 AD3d 1593, 1594 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). Defendant's additional contention that the conviction is not supported by legally sufficient evidence because he established as an affirmative defense that he "did not know of the facts or conditions responsible for [the victim's] incapacity to consent" (§ 130.10 [1]) is unpreserved (see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, whether defendant met his burden of establishing the affirmative defense is a question of fact, which the factfinder was entitled to resolve against defendant (see People v Beach, 188 AD2d 1079, 1079-1080 [4th Dept 1992]). Furthermore, viewing the evidence in light of the elements of the crime in this nonjury trial (see Danielson, 9 NY3d at 349), we reject defendant's contention that the verdict is against the weight of the evidence (see Stahl, 141 AD3d at 963-964; Bjork, 105 AD3d at 1259-1261; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant also contends that he was denied a fair trial by prosecutorial misconduct that occurred throughout the trial. That contention is unpreserved for our review (see generally People v Larkins, 153 AD3d 1584, 1587 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]; People v Goodson, 144 AD3d 1515, 1516 [4th Dept 2016], lv denied 29 NY3d 949 [2017]). In any event, we conclude that any improprieties were not so pervasive or egregious as to deprive defendant of a fair trial (see People v Pruchnicki, 74 AD3d 1820, 1822 [4th Dept 2010], lv denied 15 NY3d 855 [2010]). Moreover, "where, as here, a case is tried without a jury, absent a showing of prejudice, the [court] is presumed to have considered only competent evidence adduced at trial in reaching the verdict' " (id.).
Defendant contends that he was denied effective assistance of counsel because defense counsel did not request a hearing to determine whether a fellow inmate who was called as a witness acted as an agent of police. Inasmuch as that contention involves matters outside the record, it must be raised by way of a CPL article 440 motion (see generally People v Bakerx, 114 AD3d 1244, 1247 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]). Defendant further contends that defense counsel was ineffective for failing to call a police officer to testify regarding the failure to preserve a surveillance video that showed defendant and the victim together at the bar before they went to defendant's home. We reject that contention inasmuch as defendant failed to demonstrate the absence of strategic or other legitimate explanations for that decision (see generally People v Benevento, 91 NY2d 708, 712 [1998]; People v Rivera, 71 NY2d 705, 709 [1988]).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court