People v Felix (2019 NY Slip Op 06615)





People v Felix


2019 NY Slip Op 06615


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-09990
 (Ind. No. 12/17)

[*1]The People of the State of New York, respondent,
v
Ruben D. Felix, appellant.


Lauriano Guzman, Jr., Bronx, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered August 21, 2017, convicting him of rape in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 23 years, to be followed by 20 years of postrelease supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 23 years, to be followed by 20 years of postrelease supervision, to a determinate term of imprisonment of 15 years, to be followed by 15 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant was charged with rape in the first degree based on allegations that he engaged in sexual intercourse with the complainant after she became intoxicated and fell asleep. After a jury trial, the defendant was convicted of that offense.
The defendant contends, inter alia, that the People failed to present sufficient evidence to prove beyond a reasonable doubt that the complainant was "physically helpless" when the defendant had sexual intercourse with her, as required for his conviction of rape in the first degree (Penal Law § 130.35[2]). In addition, the defendant contends that the verdict was against the weight of the evidence.
The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of rape in the first degree beyond a reasonable doubt, including the element of physical helplessness (see Penal Law § 130.35[2]; People v Dunham, 258 AD2d 469). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are [*2]satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Pelosi, 128 AD3d 733, 734). The evidence adduced at trial established, among other things, that the complainant consumed a substantial amount of alcohol on the date in question, and that she had fallen asleep as a result of her intoxication. Additionally, the evidence showed that, when the complainant awoke, the defendant was on top of her engaging in sexual intercourse, and a DNA profile of sperm cells found on cervical and vaginal swabs taken from the complainant matched the defendant's DNA profile obtained from a buccal swab (see People v Robinson, 148 AD3d 1639, 1640; People v Bjork, 105 AD3d 1258, 1260-1261; People v Perkins, 27 AD3d 890, 892).
The sentence imposed was excessive to the extent indicated herein.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court