OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted of attempted murder in the second degree and criminal possession of a weapon in the third degree for shooting a neighbor during an altercation. Prior to trial, defendant demanded that the prosecution disclose all Brady material. During the People’s case-in-chief, defendant discovered that the People were aware of two eyewitnesses to the incident whom they had not called as witnesses at trial and whose identity had not been revealed to defendant. Pursuant to the trial court’s order, the People produced one eyewitness along with a statement he had given to the police. After interviewing the eyewitness in private, defendant decided not to call him as a defense witness. In addition, after examining the statement, defense counsel declined the court’s offer to reopen the People’s case and to have the prosecution’s witnesses recalled so that he could use the statement for additional cross-examination.
Defendant argues that the statement given by the eyewitness was exculpatory and that the People’s failure to disclose *870 it prior to trial requires a reversal. Whether the information contained in the statement meets the Brady requirement that it be exculpatory is problematic. We need not, however, decide that issue for defendant would not be entitled to a new trial, even assuming the material to be exculpatory. We have previously held that "[w]hile the People unquestionably have a duty to disclose exculpatory material in their control,” a defendant’s constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People’s witnesses or as evidence during his case (see, People v Brown, 67 NY2d 555, 559; People v Smith, 63 NY2d 41, 68; People v Stridiron, 33 NY2d 287, 292-293).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.