■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered July 8, 1986, convicting him of criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

A verdict on a multiple-count indictment is repugnant when a defendant is acquitted on one count which contains an essential element of another count on which he is convicted, thus negating a necessary element of the latter count *(see, People v Hampton,* 61 NY2d 963; *People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039). Inconsistencies in a verdict, whether rendered by a Judge or a jury, do not constitute grounds for reversal if the verdict is not repugnant as a matter of law *(see, People v Montgomery,* 116 AD2d 669, 670).

In this case, the court's finding that the defendant, while acting in concert, did not cause physical injury to the complainant while possessing a dangerous instrumentality and intending to use it unlawfully is neither repugnant nor inconsistent *(see, People v Hampton, supra; People v Tucker, supra).* The charge of criminal possession of a weapon merely required possession and unlawful intent and did not require that the intended crime be carried out. The fact that the trial court found that the People did not prove the assault charge beyond a reasonable doubt did not negate any element of the weapons possession charge. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.