■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON MCDONALD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered July 17, 1984, convicting him of criminal possession of a weapon in the third degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to establish the existence of probable cause for his arrest and the hearing

court therefore erred in denying his motion to suppress the weapon which he was charged with possessing. We disagree. Based on the allegations made by the defendant's brother-in-law that the defendant had assaulted him and on the observations made by the police of the struggle between the defendant and his brother-in-law in their presence, the police had reasonable cause to believe that a crime had been committed by the defendant *(see,* CPL 140.10).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree and resisting arrest beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's related claim that the jury verdict was repugnant is not preserved for appellate review. In any event, the acquittal of the defendant on the charge of attempted assault in the second degree did not necessarily negate a finding that the weapon was possessed with intent to use it unlawfully against another person *(see, People v Gonzalez,* 138 AD2d 623).

The sentence imposed was neither harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and conclude that they are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or are without merit. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.