■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLO HUSTON, Appellant. [611 NYS2d 163] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about January 26, 1993, denying defendant's CPL 440.10 motion to vacate a judgment, rendered February 20, 1991, convicting him, after a jury trial, of two counts of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 25 years to life on each of the murder counts, 4 to 8 years on the attempted robbery count,

3½ to 7 years on the third degree weapon possession count, and to a consecutive prison term of 7½ to 15 years on the second degree weapon possession count, unanimously affirmed.

Defendant claims that his conviction should be reversed since the People withheld an allegedly exculpatory police report specifically requested by the defense prior to trial. He contends, *inter alia,* that had the defense been aware of the statements in the police report made by two persons, the defense may have pursued a different trial strategy. He also argues that the statements made by the two people would have cast doubt on the reliability of the identification of defendant by the People's sole witness to the shooting.

Defendant's claims are unpreserved for this Court's review as he failed to raise them in his motion to vacate the judgment. Were we to review them, we would find that the police report did not contain exculpatory information such that there would have been a " 'reasonable possibility' " that the failure to disclose it "contributed to the verdict" *(People v Vilardi,* 76 NY2d 67, 77). Neither of the witnesses observed the shooting and each of them was standing a considerable distance from the scene when the shooting occurred, one 100 feet away and the other on the opposite side of the street. Moreover, one of the men placed an Hispanic male, whom defendant seeks to implicate in the crimes, near him at the time of the incident and stated that the shot came from across the street. Furthermore, the statement made by the male Hispanic ("are you crazy") is not similar to the statement which was made by the shooter before the victim was murdered.

We have reviewed defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Asch, JJ.