■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ABNEY, Appellant. [644 NYS2d 32]

Defense counsel asked that the original on-line booking sheet be marked as an exhibit for identification and shown to a prosecution witness at trial, but now claims that the People failed to fulfill their *Rosario* discovery obligations since he was only given a copy of the front side of the sheet prior to trial. The claim is unpreserved for appellate review (*People v Rogelio*, 79 NY2d 843), and we decline to review it in the interest of justice. Were we to review it, we would find the claim to be without merit. Defendant's use of the original document during the trial demonstrates that it was made "available" to him (CPL 240.45 [1] [a]). The record thus supports the trial court's factual findings in this regard.

Defendant's claim that the alleged nondisclosure of the back side of the on-line booking sheet violated *Brady v Maryland* (373 US 83) is unpreserved for appellate review (*People v Huston*, 203 AD2d 200, *lv denied* 83 NY2d 911), and we decline to review it in the interest of justice. Were we to review it, we would find the *Brady* claim to be similarly without merit, since defendant had a meaningful opportunity to use the original, two-sided sheet in cross-examination (*People v Cortijo*, 70 NY2d 868, 870). Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.