■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GAMBLE, Appellant. [761 NYS2d 836] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered February 26, 2001, convicting him of burglary in the second degree, grand larceny in the third degree, criminal possession of stolen property in the fourth degree, criminal mischief in the fourth degree, and making graffiti, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally

insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the People's delay in disclosing the results of a fingerprint analysis does not require reversal. Assuming that the results constituted *Brady* material (*see Brady v Maryland,* 373 US 83 [1963]), an issue which we need not decide, the delayed disclosure did not deprive the defendant of his right to a fair trial (*see People v Cortijo,* 70 NY2d 868, 870 [1987]).

The defendant's sentence did not constitute cruel and unusual punishment (*see People v Broadie,* 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.