■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ROSSI, Appellant. [807 NYS2d 780]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 19, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts) and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of two counts of burglary in the second degree (Penal Law § 140.25 [2]) and one count of petit larceny (§ 155.25), defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress a statement he made to the police because the officer who testified at the suppression hearing did not testify with respect to a promise that he had made to defendant. According to defendant, that promise rendered his statement involuntary, requiring suppression of the statement. Even assuming, arguendo, that defendant's contention is properly before us, we conclude that it is lacking in merit. The promise of the officer to "put in a good word" to the judge does not render defendant's statement involuntary because the promise "did not create 'a substantial risk that the defendant might falsely incriminate himself' " (*People v Hamelinck*, 222 AD2d 1024, 1024 [1995], *lv denied* 87 NY2d 921 [1996], quoting CPL 60.45 [2] [b] [i]). Contrary to defendant's further contention, the court complied with CPL 200.70 (1) in granting the People's motion to amend the indictment (*see People v Terry*, 300 AD2d 1130 [2002], *lv denied* 99 NY2d 633 [2003]). Defendant failed to preserve for our review his contention that the conviction with respect to one of the burglary counts is not supported by legally sufficient evidence (*see People v Finger*, 95 NY2d 894 [2000]), and we reject defendant's further contention that the verdict with respect to that burglary count is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Kehoe, J.P., Martoche, Smith, Pine and Hayes, JJ.