■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY J. SLOAN, Appellant. [816 NYS2d 803]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered September 28, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, robbery in the second degree and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20), robbery in the second degree (§ 160.10 [1]), and criminal mischief in the fourth degree (§ 145.00 [1]), stemming from his unlawful entry into a convenience store that had closed for the night. Defendant and a second person entered the store and were stealing property when they were interrupted by the tenant of an attached apartment. The second participant in the crimes left the store by climbing out a window, and he then remained outside. The tenant confronted defendant, who knocked the tenant to the floor, and defendant then also climbed out the window. County Court properly refused to suppress defendant's written statement to the police. The record does not support the contention of defendant that a portion of his

statement was elicited in response to a promise by the investigator that created a substantial risk of defendant's incriminating himself falsely and thus rendered the statement involuntarily made (*see* CPL 60.45 [1], [2] [b] [i]; *People v Pou*, 185 AD2d 642 [1992], *lv denied* 81 NY2d 891 [1993]; *see also People v Rossi*, 26 AD3d 782 [2006]).

We further reject defendant's contention that the conviction of robbery in the second degree is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury could reasonably find that the second person standing just outside the window was "actually present" (Penal Law § 160.10 [1]; *see People v Washington*, 283 AD2d 661 [2001]; *People v Casmento*, 155 AD2d 229 [1989], *lv denied* 75 NY2d 768 [1989]), and we thus conclude that the People presented evidence establishing that defendant forcibly stole property while aided by another person actually present. Also contrary to the contentions of defendant, he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the court did not abuse its discretion in discharging for cause a juror who could not unequivocally state that she could be fair and impartial (*see People v Escoto*, 283 AD2d 962, 963 [2001], *lv denied* 96 NY2d 901 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.