THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASAAN FREEMAN, Appellant. [849 NYS2d 794]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Doyle, J.), rendered July 17, 2006, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FUENTES, Appellant. [851 NYS2d 628]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered February 28, 2006, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant moved for a mistrial on the ground that the People failed to disclose a certain document in violation of *Brady v Maryland* (373 US 83 [1963]). However, even assuming that the document at issue constituted *Brady* material, the Supreme Court did not err in denying the defendant's motion. While the People unquestionably have a duty to disclose exculpatory material in their control, a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case (*see People v Cortijo,* 70 NY2d 868, 870 [1987]; *People v Myron,* 28 AD3d 681 [2006], *cert denied* 549 US —, 127 S Ct 1919 [2007]).

The defendant's remaining contentions are without merit. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.