■ In the Matter of JONATHAN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [876 NYS2d 397]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about September 28, 2007, which adjudicated ap-

pellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree, attempted robbery in the second degree, attempted assault in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and placed him on probation for a period of 18 months, unanimously modified, on the law, to the extent of vacating the finding as to attempted robbery in the second degree and dismissing that count of the petition, and otherwise affirmed, without costs.

The court's finding was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning credibility and identification. The victim was certain that appellant actively participated in the attack, particularly by pulling the victim's leg and causing him to fall. The minor inconsistencies cited by appellant do not warrant a different result. In particular, the discrepancy between the complaint and the victim's testimony was readily explained by evidence that the 14-year-old victim did not draft the complaint and did not fully understand what he was signing.

The court properly declined to strike the victim's testimony as a sanction for the prosecution's belated disclosure of material governed by *Brady v Maryland* (373 US 83 [1963]). Appellant was able to make effective use of this information by placing it before the trier of fact (*see People v Cortijo*, 70 NY2d 868 [1987]), and his claim that earlier disclosure or prompt memorialization of the information might have had an impact on the outcome of the case is speculative.

Appellant was charged with an attempt to commit robbery in the second degree as defined by Penal Law § 160.10 (2) (a). The statute provides that a person commits the crime when he forcibly steals property and, during the commission of the crime or immediate flight therefrom, he or another participant "[c]auses physical injury to any person who is not a participant in the crime." (*Id.*) This count should be dismissed in light of the court's specific finding that the victim was not injured. We have considered and rejected appellant's remaining claims. Concur— Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ.