# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1311
KA 10-00382
PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

WILLIAM T. CARVER, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 15, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). On appeal, defendant contends that the People's delayed disclosure of a 911 recording constituted a *Brady* violation that deprived him of his right to a fair trial. We agree.

"To establish a *Brady* violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material . . . In New York, where a defendant makes a specific request for [an item of discovery], the materiality element is established provided there exists a 'reasonable possibility' that it would have changed the result of the proceedings" (*People v Fuentes*, 12 NY3d 259, 263, *rearg denied* 13 NY3d 766).

Here, the 911 recording is exculpatory because it includes the voice of an unidentified person referring to a white male suspect, and defendant herein is a black male. Although defendant received the 911 recording as part of the *Rosario* material provided to him on the first day of trial, he was not "given a meaningful opportunity to use the exculpatory evidence" (*People v Middlebrooks*, 300 AD2d 1142, 1143-

1144, *lv denied* 99 NY2d 630; *see generally People v Cortijo*, 70 NY2d 868, 870; *People v Gonzalez*, 89 AD3d 1443, 1444, *lv denied* 19 NY3d 973, *reconsideration denied* 20 NY3d 932).  The trial was brief, commencing on a Thursday and concluding the following Monday.  Defense counsel had no reason to believe that the recording contained exculpatory material because the prosecutor did not inform defense counsel that it did.  Furthermore, defense counsel had difficulty hearing the contents of the recording.  When she eventually discovered that it contained *Brady* material, she alerted County Court on the final day of trial and requested an adjournment to subpoena witnesses, and the court denied her request.  Thus, due to the circumstances of the recording's disclosure and the court's denial of the request for an adjournment, defense counsel was unable to introduce the recording in evidence and was otherwise denied a meaningful opportunity to use it, violating defendant's constitutional right to a fair trial (*see generally Cortijo*, 70 NY2d at 870).

The 911 recording was material inasmuch as it would have allowed defendant to pursue the theory that the shooter was a white male, thereby creating reasonable doubt that defendant, a black male, was the shooter.  Thus, there is "a 'reasonable possibility' that [the 911 recording specifically requested by defendant] would have changed the result of the proceedings" (*Fuentes*, 12 NY3d at 363).

In view of our determination, we do not address defendant's remaining contentions.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court