THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HARRELL, Appellant. [17 NYS3d 705]—

Judgment, Supreme Court, New York County (Analisa Torres, J.), rendered August 15, 2012, as amended September 7, 2012, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree (two counts), attempted assault in the first degree, and assault in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 41 years to life, unanimously affirmed.

The court properly denied defendant's request for a justification charge regarding his use of force against the first of the two persons he assaulted during this incident. Defendant cut this victim using a screwdriver in a manner that effectively made it a knife capable of causing death or other serious physical injury (*compare People v Almodovar*, 62 NY2d 126 [1984]). There was no reasonable view of the evidence, when viewed most favorably to defendant, that defendant used less than deadly physical force. Similarly, there was no reasonable view that, at the time of this assault, defendant believed, or had any reason to believe, that this victim was using or about to use deadly physical force, either alone or aided by others (*see People v Goetz*, 68 NY2d 96, 105-106 [1986]; *People v Watts*, 57 NY2d 299, 301 [1982]). Defendant did not preserve his claim that the court should have charged justification regarding his attack on the second victim, later in this incident, and we decline to

review it in the interest of justice. As an alternative holding, we find it to be without merit.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including counsel's strategy regarding his waiver of a possible CPL 710.30 (3) preclusion argument (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Defendant's principal claim is that his trial counsel should have sought preclusion of defendant's videotaped statement for lack of timely notice, rather than making a suppression motion that effectively waived any preclusion argument. However, counsel could have reasonably concluded that the statement was, on balance, helpful to his client's defense, and that the best strategy was to proceed with a suppression hearing for discovery purposes only.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.