People v Gazzillo (2019 NY Slip Op 08336)





People v Gazzillo


2019 NY Slip Op 08336


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1127 KA 18-00875

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JESSICA GAZZILLO, DEFENDANT-APPELLANT. 






DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT. 
LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered November 17, 2017. The judgment convicted defendant upon a jury verdict of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject defendant's contention that County Court erred in refusing to dismiss the indictment pursuant to CPL 210.35 (5). " [T]here is no indication that the People knowingly or deliberately presented false testimony before the [g]rand [j]ury, and thus there is no basis for finding that the integrity of the [g]rand [j]ury proceeding[] was impaired' " (People v Williams, 163 AD3d 1422, 1422 [4th Dept 2018]; see People v Morales, 160 AD3d 1414, 1418 [4th Dept 2018], lv denied 32 NY3d 939 [2018]; People v Bean, 66 AD3d 1386, 1386 [4th Dept 2009], lv denied 14 NY3d 769 [2010]). We further conclude that, insofar as defendant sought dismissal of the indictment in the interest of justice under CPL 210.40 based, inter alia, on alleged misconduct during the grand jury proceeding, the court did not abuse its discretion in refusing to dismiss the indictment on that ground. The court afforded the parties an opportunity to be heard and create a record, including the questioning of the grand jury prosecutor in connection with defendant's allegations of misconduct, and, upon review of the record, we agree with the court that this is not one of those "rare cases where there is a compelling factor which clearly demonstrates that prosecution of the indictment would be an injustice" (People v Quadrozzi, 55 AD3d 93, 103 [2d Dept 2008], lv denied 12 NY3d 761 [2009] [internal quotation marks omitted]; see People v May, 100 AD3d 1411, 1413 [4th Dept 2012], lv denied 20 NY3d 1063 [2013]).
Defendant further contends that she was denied her right to a fair trial by the cumulative effect of the allegations rejected above and the prosecutor's failure to disclose Brady material. Even assuming, arguendo, that a Brady violation did occur, we conclude that there was no violation of defendant's right to a fair trial because she was "given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during [her] case" (People v Cortijo, 70 NY2d 868, 870 [1987]; see People v McMillian, 158 AD3d 1059, 1060 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]).
Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court