People v Brownlee (2020 NY Slip Op 01824)





People v Brownlee


2020 NY Slip Op 01824


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1239 KA 15-01257

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BENJAMIN BROWNLEE, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered June 3, 2015. The judgment convicted defendant upon a jury verdict of criminal obstruction of breathing or blood circulation. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]). We affirm.
We reject defendant's contention that the prosecution committed a Brady violation by belatedly disclosing certain medical records that purportedly established the victim's lack of injuries following the alleged altercation with defendant. "To establish a Brady violation warranting a new trial, the defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Ulett, 33 NY3d 512, 515 [2019] [internal quotation marks omitted]; see Brady v Maryland, 373 US 83, 87 [1963]).
Here, the medical records documenting the victim's lack of injuries were favorable to defendant inasmuch as they "tend[ed] to show that [he was] not guilty" (People v Garrett, 23 NY3d 878, 886 [2014], rearg denied 25 NY3d 1215 [2015] [internal quotation marks omitted]). However, the People's failure to disclose the medical records until six days before trial did not constitute the suppression of those records because defendant was "afforded a meaningful opportunity to use [the records] to cross-examine the People's witnesses or as evidence-in-chief" (People v Burroughs, 64 AD3d 894, 898 [3d Dept 2009], lv denied 13 NY3d 794 [2009]; see People v Cortijo, 70 NY2d 868, 870 [1987]; cf. People v Carver, 114 AD3d 1199, 1199 [4th Dept 2014]).
Moreover, even assuming, arguendo, that the prosecution's delay in disclosure did constitute suppression, we conclude that the records were not material because there was no " reasonable possibility' that the failure to disclose the medical records contributed to the verdict" (People v Vilardi, 76 NY2d 67, 77 [1990]; see generally People v Rong He, 34 NY3d 956, 959 [2019]; People v McCray, 23 NY3d 193, 198-199 [2014], rearg denied 24 NY3d 947 [2014]; People v Fuentes, 12 NY3d 259, 264-265 [2009], rearg denied 13 NY3d 766 [2009]). Finally, we further conclude that any alleged Brady violation here is harmless. The People presented overwhelming evidence of defendant's guilt—namely, the consistent testimony of three eyewitnesses who described defendant's attack on the victim—and there is no reasonable possibility that any error contributed to the verdict (see People v Robinson, 267 AD2d 981, 981 [4th Dept 1999], lv denied 95 NY2d 838 [2000]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court