People v White (2020 NY Slip Op 03729)





People v White


2020 NY Slip Op 03729


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11743 1067/15

[*1] The People of the State of New York, Respondent,
v
Shakeem White, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered March 7, 2017, as amended March 17, 2017, convicting defendant, after a jury trial, of assault in the second and third degrees and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously affirmed.
Although the People's disclosure of information regarding the victim's mental illness was belated, defendant is not entitled to reversal under Brady v Maryland (373 US 83 [1963]). The People disclosed the information more than two weeks before the beginning of trial, and under the circumstances of the case this gave defendant a "meaningful opportunity to use the allegedly exculpatory material to cross-examine" (People v Cortijo, 70 NY2d 868, 870 [1987]). The victim was extensively cross-examined about his mental illness and related matters, and defendant's claims of prejudice are conclusory and speculative. After receiving the information, defense counsel did not request an adjournment to investigate the victim's psychiatric history, to consult an expert, or for any other purpose. To the extent counsel requested any specific remedies from the court, they were unnecessary or inappropriate. In any event, there is no reasonable possibility that the People's initial failure to disclose the relevant information contributed to the verdict.
The court properly denied defendant's request for an instruction on ordinary force justification. Viewing the evidence in the light most favorable to defendant, there was no reasonable view of the evidence that he used less than deadly physical force (see People v Vega, 33 NY3d 1002, 1004 [2019]). The totality of the evidence, including medical and photographic evidence, established that defendant inflicted cuts or stab wounds with a knife made from a scissors blade, and there was no reasonable view to the contrary (see e.g. People v Harrell, 132 AD3d 507 [1st Dept 2015], lv denied 26 NY3d 1088 [2015]). In denying the instruction, the court considered the facts of the case and did not only apply the per se rule for crimes involving dangerous instruments that was rejected in Vega.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK