People v Gamble (2020 NY Slip Op 05694)





People v Gamble


2020 NY Slip Op 05694


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Ind No. 2697/14, 1140/14 Appeal No. 12052 Case No. 2018-5327 

[*1]The People of the State of New York, Respondent,
v
Sherman Gamble, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant. 
Cyrus R. Vance, Jr., District Attorney, New York (Robert Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered April 26, 2016, convicting defendant, after a jury trial, of assault in the second degree, promoting prostitution in the third degree and endangering the welfare of a child, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. To prove the physical injury element of assault, the People were only required to prove that the victim's injury went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]). Relatively minor injuries causing moderate, but "more than slight or trivial pain" may suffice (People v Chiddick, 8 NY3d 445, 447 [2007] [fingernail injury]). Here,
defendant shoved a rolled up newspaper or magazine down the victim's throat, causing her to vomit and bleed from the mouth during the attack and causing her throat to ache and feel "sore," as if something was "dislodged in her throat," the next day. This testimony was corroborated by the victim's medical records, which noted a pain level of 6 out of 10 when she entered the hospital. The evidence also established the elements of third-degree promoting prostitution and endangering the welfare of a child.
The court providently exercised its discretion in denying defendant's mistrial motion, which was the only remedy requested, based on the People's alleged violation of Brady v Maryland (373 US 83 [1963]). The People had disclosed that the victim did not accuse defendant of any prior assaults but did not disclose that she had recently revealed that defendant had previously been violent. In their direct examination of the victim, the People carefully avoided the subject of uncharged prior assaults, but the matter came up on cross-examination. The accusation of prior assaults was obviously not exculpatory. Nor did it impeach the victim's direct testimony, because she did not mention the subject, so that there was nothing to impeach. Even if the belated disclosure could be viewed as impeachment material in that it showed that the victim changed her story, defense counsel made full use of the inconsistency. Accordingly, the defense was able to use the evidence effectively, and thus was not prejudiced (see People v Cortijo, 70 NY2d 868, 870 [1987]). Moreover, defense counsel was on notice that the victim might reveal uncharged assaults if cross-examination went in that direction, because such assaults were mentioned in a statement by defendant that had been disclosed. In any event, there was no reasonable possibility that the verdict would have been more favorable if the People had disclosed the victim's inconsistent statement before trial.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020