People v Mateo (2021 NY Slip Op 02889)





People v Mateo


2021 NY Slip Op 02889


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND TROUTMAN, JJ.


7 KA 17-02068

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NELSON F. MATEO, JR., DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered August 21, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) in connection with an incident in which a victim was shot once in his left leg. Defendant contends that Supreme Court erred in refusing to suppress his statements to the police because the police officer who interviewed him engaged in deception concerning the evidence against him and made promises concerning his release that caused him to falsely incriminate himself, and because the officer downplayed the Miranda warnings. We reject those contentions.
With respect to defendant's allegations of deception by the police, although the officer who questioned defendant admittedly misrepresented certain evidence, " 'misleading a defendant into believing that he or she had been under surveillance' . . . or 'indicat[ing] to [a] defendant that he [or she] might help himself [or herself] by cooperating,' does not rise to the level of fundamentally unfair deceptive practices that deny a defendant due process or render statements to police involuntary" (People v Wolfe, 103 AD3d 1031, 1035 [3d Dept 2013], lv denied 21 NY3d 1021 [2013]; see People v Morrow, 167 AD3d 1516, 1517 [4th Dept 2018], lv denied 33 NY3d 951 [2019]; People v Holley, 148 AD3d 1605, 1606 [4th Dept 2017], lv denied 29 NY3d 1080 [2017]). Similarly, the officer's promise to speak to the judge about defendant "does not render defendant's statement involuntary because the promise did not create a substantial risk that the defendant might falsely incriminate himself" (People v Rossi, 26 AD3d 782, 783 [4th Dept 2006], lv denied 7 NY3d 762 [2006] [internal quotation marks omitted]).
Contrary to defendant's contention concerning the Miranda warnings, "[i]n determining whether police officers adequately conveyed the [Miranda] warnings, . . . [t]he inquiry is simply whether the warnings reasonably conve[y] to [a suspect] his [or her] rights as required by Miranda" (Florida v Powell, 559 US 50, 60 [2010] [internal quotation marks omitted]; see People v Dunbar, 24 NY3d 304, 315 [2014], cert denied 575 US 1005 [2015]). Here, the court did not err in refusing to suppress defendant's statements on the ground that the officer downplayed his Miranda rights (see generally Dunbar, 24 NY3d at 316). We note that the officer's practice of rapidly reading the Miranda warnings and indicating that they were "no big deal" is to be discouraged. A preamble given by a questioning officer with the intent to "undercut the meaning of [the] Miranda warnings, [thereby] depriving [a defendant] of an effective explanation of [his or her] rights," is a basis for suppression (id.; see People v Rutledge, 25 NY3d 1082, 1083 [2015], revg 116 AD3d 645, 645-646 [1st Dept 2014]). Under the [*2]circumstances of this case, however, we conclude that the officer's brief statement before providing the warnings did not undercut their meaning, and thus "the warnings given to defendant reasonably apprised him of his rights" (People v Bakerx, 114 AD3d 1244, 1247 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]; cf. Dunbar, 24 NY3d at 315-316).
We reject defendant's further contention that he was deprived of a fair trial because the People failed to timely provide him with evidence that a person had made a 911 call implicating a different person in the shooting. "To establish a Brady violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material . . . In New York, where a defendant makes a specific request for [an item of discovery], the materiality element is established provided there exists a 'reasonable possibility' that it would have changed the result of the proceedings" (People v Fuentes, 12 NY3d 259, 263 [2009], rearg denied 13 NY3d 766 [2009]). Here, as the People correctly concede, the phone tip implicating another person as the shooter was Brady material that was not timely provided to the defense (see generally People v Carver, 114 AD3d 1199, 1199 [4th Dept 2014]). Nevertheless, defendant was not deprived of a fair trial by that error because, although " 'the People unquestionably have a duty to disclose exculpatory material in their control,' a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witness or as evidence during his case" (People v Cortijo, 70 NY2d 868, 870 [1987]; see People v Daniels, 115 AD3d 1364, 1365 [4th Dept 2014], lv denied 23 NY3d 1019 [2014]).
Defendant contends that the verdict is against the weight of the evidence because there was a lack of evidence corroborating his admissions to the police and because the evidence suggests that another person was involved in the incident in question. He further contends that, in performing our weight of the evidence review, this Court should consider the fact that the jury acquitted him of the other three counts of the indictment, i.e., attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), assault in the second degree (§ 120.05 [2]), and criminal use of a firearm in the second degree (§ 265.08 [1]). With respect to the alleged lack of corroborative evidence, CPL 60.50 provides that, where a defendant confesses to a crime, the prosecution must come forward with "additional proof that the offense charged has been committed." That statutory requirement "is satisfied by the production of some proof, of whatever weight, that a crime was committed by someone" (People v Daniels, 37 NY2d 624, 629 [1975]). Here, there is abundant evidence that someone possessed a weapon and used it to shoot another person, and thus that requirement was met (see People v Hawkins, 110 AD3d 1242, 1242-1243 [4th Dept 2013], lv denied 22 NY3d 1041 [2013]). Viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), notwithstanding that defendant was acquitted of the other charges in the indictment (see generally People v Rayam, 94 NY2d 557, 563 [2000]).
Insofar as defendant contends that the conviction of the weapon charge is repugnant to the acquittal of the other charges in the indictment, defendant failed to raise that contention before the jury was discharged, and thus he failed to preserve that argument for our review (see People v Spears, 125 AD3d 1401, 1402 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]). In any event, " '[a] conviction will be reversed [as repugnant] only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered' " (People v Madore, 145 AD3d 1440, 1441 [4th Dept 2016], lv denied 29 NY3d 1034 [2017], quoting People v Tucker, 55 NY2d 1, 7 [1981], rearg denied 55 NY2d 1039 [1982]; see generally People v Muhammad, 17 NY3d 532, 538-541 [2011]). Here, we conclude that the acquittal of the assault, attempted assault, and firearm charges did not necessarily negate an essential element of the weapon charge of which defendant was convicted (see generally People v Gonzalez, 138 AD2d 623, 624 [2d Dept 1988]; People v Coleman, 123 AD2d 440, 441 [2d Dept 1986], lv dismissed 69 NY2d 826 [1987]).
Defendant further contends that he was deprived of effective assistance of counsel because, inter alia, defense counsel failed to object to the allegedly repugnant verdict. Because, as discussed above, the verdict is not repugnant, "[d]efense counsel was not ineffective in failing to object to the verdict" on that ground (People v Brooks, 139 AD3d 1391, 1393 [4th Dept 2016], [*3]lv denied 28 NY3d 1026 [2016]). We have reviewed defendant's remaining contention concerning ineffective assistance of counsel and conclude that it lacks merit. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court