People v Sherwood (2022 NY Slip Op 02455)

People v Sherwood

2022 NY Slip Op 02455

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

110559
[*1]The People of the State of New York, Respondent,
v
Jason A. Sherwood, Appellant.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.; Ceresia, J., vouched in.

Robert Reno, Milford, Pennsylvania, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 4, 2015, upon a verdict convicting defendant of the crimes of rape in the second degree and criminal sexual act in the second degree.
Defendant was convicted, after trial, of one count each of rape in the second degree and criminal sexual act in the second degree stemming from allegations that he engaged in sexual conduct with a 14-year-old female (hereinafter the victim). As relevant here, defendant thereafter moved to set aside the verdict (see CPL 330.30) predicated upon the People's alleged failure to provide him with information that the victim underwent a forensic child sexual abuse evaluation and physical examination, as well as the written report of the examination. County Court denied defendant's motion and defendant was thereafter sentenced to consecutive prison terms of seven years on each of the two convictions to be followed by 10 years of postrelease supervision. Defendant appeals.
Defendant contends that County Court erred in denying his motion to set aside the verdict, despite finding that the records from the victim's forensic child sexual abuse evaluation and physical examination were Brady material. To that end, the issue on appeal is not whether the court's determination that these records were Brady material was correct (see CPL 470.15 [1]), but whether defendant's receipt of the records four days before trial deprived him of a fair trial such that reversal is required (see People v Cortijo, 70 NY2d 868, 870 [1987]; People v Richardson, 192 AD3d 432, 433 [2021], lv denied 37 NY3d 959 [2021]). "'[W]hile the People unquestionably have a duty to disclose exculpatory material in their control,' a defendant's constitutional right to a fair trial is not violated when, as here, he [or she] is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his [or her] case" (People v Cortijo, 70 NY2d at 870, quoting People v Brown, 67 NY2d 555, 559 [1986], cert denied 479 US 1093 [1987]). Defendant, by way of a subpoena, received the records from the victim's evaluation four days before trial. Defendant asserts that these records contain two pieces of allegedly exculpatory information. The first is that a physical examination of the victim, performed three months after the incident, was "normal" and did not reveal any corporeal injury. The second is that the victim, during an interview related to the physical examination, disclosed allegations of prior sexual abuse by two different individuals, which defendant asserts were fabricated.
At trial, while cross-examining the victim, defense counsel asked whether the results of the physical examination were normal, which the victim confirmed. Defense counsel repeatedly referenced these normal results while continuing to cross-examine the victim. Moreover, defense counsel commented, in his closing argument, about [*2]the examination and the lack of evidence of physical injury. As to the prior allegations of sexual abuse, defense counsel attempted to cross-examine the victim on this topic, but, upon objection, County Court made an evidentiary ruling and did not permit defense counsel to question the victim about these prior allegations. Nevertheless, because defendant had a "meaningful opportunity to review the Brady materials" and use or at least attempt to use — subject to a ruling on its admissibility — the information in his defense, defendant's constitutional right to a fair trial was not violated by the People's failure to obtain and turn over the records at issue (People v Jordan, 154 AD3d 1176, 1177-1178 [2017]; see People v Cortijo, 70 NY2d at 870; People v Richardson, 192 AD3d at 433; People v Campbell, 182 AD3d 1004, 1006 [2020], lv denied 35 NY3d 1043 [2020]). To the extent that defendant argues that he could have done further investigation and possibly produced other witnesses had he obtained the records sooner, this argument is not only speculative but, as County Court indicated, defendant did not request a continuance for this purpose (see People v Richardson, 192 AD3d at 433; People v White, 185 AD3d 417, 417 [2020], lv denied 35 NY3d 1116 [2020]). Thus, "there is no reasonable possibility that the result of the trial would have been different if the [records] had been disclosed earlier" (People v Richardson, 192 AD3d at 433-434; see People v Gamble, 187 AD3d 517, 518 [2020], lv denied 36 NY3d 1097 [2021]; People v White, 185 AD3d at 417). As such, we discern no error in County Court's denial of defendant's CPL 330.30 motion.
Defendant also asserts that County Court erred in its evidentiary ruling that prevented defendant from cross-examining the victim regarding her allegations of prior sexual abuse. Here, defendant argued to County Court that, "as best [as he] determined," one of the allegations was false because it was reported to the police but there was no indictment or conviction. As to the other allegation, which involved the victim's brother more than 10 years prior to the trial, the basis for defendant's assertion that this allegation was false was that the victim had since gone to live with her brother and saw him as "a trusted figure." Defendant pointed to nothing else to demonstrate the falsity of these allegations.[FN1] Thus, under these circumstances, we discern no abuse of discretion in County Court's decision not to allow defendant to cross-examine the victim regarding these prior allegations given that he "failed to sufficiently prove the falsity of the [prior allegations]" (People v Gibson, 2 AD3d 969, 972 [2003], lv denied 1 NY3d 627 [2004]; see People v Taylor, 52 AD3d 1327, 1328 [2008], lv denied 11 NY3d 835 [2008]; People v Lane, 47 AD3d 1125, 1128 [2008], lv denied 10 NY3d 866 [2008]; People v Hill, 17 AD3d 1081, 1082 [2005], lv denied 5 NY3d 806 [2005]; People v Sprague, 200 AD2d 867, 868 [1994], lv denied 83 NY2d [*3]877 [1994]). Accordingly, the judgment of conviction should be affirmed.
Egan Jr., J.P., Clark and Ceresia, JJ., concur.
Colangelo, J. (dissenting).
I respectfully dissent. In my view, the withheld evidence was clearly material and defendant was prejudiced. As a result of the Brady violation, defendant was denied an opportunity to pursue other strategies with defense counsel. He was denied, among other things, the opportunity to investigate and interview other potential defense witnesses well in advance of trial, or to develop a more detailed argument on the issue of whether he could cross-examine the victim and call certain witnesses without running afoul of the Rape Shield Law (see CPL 60.42). With more time, he also could have called the examining physician or retained his own medical expert to review the records. Learning of the existence of potential witnesses such as the victim's brother and the mother's landlord a mere four days before trial provided defendant no opportunity to locate and interview these witnesses and possibly incorporate their testimony into his defense. Moreover, as County Court noted, defendant, under these circumstances, was under no obligation to seek an adjournment of the trial. I would therefore reverse and order a new trial.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: On appeal, defendant asserts that whether the allegations are false does not matter. It only matters that they are relevant. Defendant did not, however, argue this at trial, instead attempting only to establish that these prior allegations were false so as to impeach the victim's credibility.